## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ALLYSA ANDREWS,** <br> **1643 13th Street NW Apt. 2** <br> **Washington, D.C. 2009**, <br><br> **and SEAMUS PUGH,** <br> **51 Randolph Place NW** <br> **Washington, D.C. 2001**, *on behalf of* <br> *themselves and all other similarly situated* <br><br> **Plaintiffs**, <br><br> **v.** <br><br> **LAST BRAND, INC.** <br> **260 Townsend St.** <br> **San Franscisco, CA 94107** <br><br> **Defendant**. | Case No. |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453, Defendants Last Brand, Inc. d/b/a

Quince ("Quince") hereby gives notice of removal of this action from the United States District

Court for the District of Columbia.  In support of this Notice of Removal, Quince states as follows:

### I.     BACKGROUND

1.      On February 17, 2026, Plaintiffs Allysa Andrews and Seamus Pugh ("Plaintiffs")

filed this putative class action in the Superior Court for the District of Columbia, captioned *Allysa*

*Andrews and Seamus Pugh, on behalf of themselves and all other similarly situated v. Last Brand,*

*Inc.*, Case No. 2026-CAB-001059 (the State Court Action).  Pursuant to 28 U.S.C. § 1446(a), a

true and correct copy of Plaintiffs' complaint ("Complaint") is attached hereto as **Exhibit A**.

2.      A copy of all other process, filings, and orders is attached hereto as **Exhibit B**, as

required by 28 U.S.C. § 1446(a).

3.      Plaintiffs mailed Quince the Summons and Complaint in this matter on March 4, 2026.  A true and correct copy of Plaintiffs' Affidavit of Service is included in **Exhibit B**.  Removal is timely under 28 U.S.C. §§ 1446(b)(1) because this Notice has been filed within 30 days of the date on which Quince was served.

4.      Plaintiffs' Complaint alleges Quince's comparison prices on its website violate the District of Columbia's Consumer Protection Procedures Act ("CPPA").  **Exhibit A**, Compl. ¶¶ 45–62.  Specifically, Plaintiffs allege that Quince's "Traditional retail" strikethrough prices next to its list prices and "You save [x]%" representations misleads "consumers into believing they are receiving a bargain for their purchases."  *Id.* ¶ 22.

5.      Plaintiffs seek to represent "[a]ll district of Columbia residents who purchased products from Quince that were marketed with a strike through price during the statute of limitations through the date a class is certified."  *Id.* ¶ 37.

## II.      GROUNDS FOR REMOVAL

### CLASS ACTION FAIRNESS ACT, 28 U.SC. § 1332(d)

6.      This Court has original jurisdiction over the case pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), et *seq*.  CAFA was enacted based on Congressional concern that "[c]ases involving large sums of money, citizens of many different States, and issues of national concern, have been restricted to State courts even though they have national consequences."  151 Con. Rec. S1086-01, S1103 (Feb. 8, 2005).  CAFA's purpose is to allow "[f]ederal court consideration of interstate cases of national importance."  28 U.S.C section 1711, stat. note. Subd. (b)(2).

7.    "[N]o antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

8.    CAFA extends federal jurisdiction over class actions where: (1) any member of the proposed class is a citizen of a state different from any defendant (*i.e.*, minimal diversity exists); (2) there are at least 100 members in all proposed plaintiff classes combined; (3) the amount in controversy exceeds $5 million; and (4) no exception to jurisdiction applies. *See* 28 U.S.C. § 1332(d).  As demonstrated below, each of these requirements is satisfied in this case.

### *Minimal diversity requirement is satisfied*

9.    For purposes of CAFA removal jurisdiction, there need only be minimal diversity of citizenship: only one member of the putative plaintiff class needs to be a citizen of a state different from the defendant. 28 U.S.C. § 1332(d)(2)(A).

10.    Plaintiffs are citizens of the District of Columbia. **Exhibit A**, Compl. ¶ 12–13.

11.    A corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the state or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).  Last Brand, Inc. is a California corporation with its principal place of business in California.  Compl. ¶ 14.  Last Brand, Inc., therefore, is a citizen of California for the purposes of determining diversity.

12.    The minimal diversity required by 28 U.S.C. § 1332(d)(2)(A) is, therefore, satisfied.

### *Plaintiffs' proposed class exceeds 100 members*

13.    The putative class significantly exceeds CAFA's requirement of 100 or more members.  *See* 28 U.S.C. § 1332(d)(5(B).  Plaintiffs alleges that joinder in this action is

impracticable and the number of class members is "likely thousands." **Exhibit A**, Compl. ¶ 37. Based on Plaintiffs' allegations and class definition, Quince alleges there are at least 100 members of the proposed class.

### Amount in controversy

14.     CAFA states that "the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs." 28 U.S.C § 1332(d)(6).  The United States Supreme Court has instructed that "the statute tells the District Court to determine whether it has jurisdiction by adding up the value of the claim of each person who falls within the definition of [plaintiff's] proposed class and determine whether the resulting sum exceeds $5 million." *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013).

15.     Plaintiffs do not allege a particular amount in controversy in the Complaint but seek to represent a class of "all District of Columbia residents" who, during the statute of limitations through the date a class is certified, purchased products from Quince marketed with a strikethrough price. **Exhibit A**, Compl. ¶ 37.

16.     When a case is removed to federal court under 28 U.S.C. § 1446(a), "the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co.*, 574 U.S. 81, 87 (2014). "When the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so." *Id*. at 84 (citing 28 U.S.C. § 1446(c)(2)(A)).  "[T]he court generally evaluates the defendant's notice of removal to determine whether its plausible factual allegations, accepted as true, establish federal jurisdiction." *Pleznac v. Equity Residential Mgmt., L.L.C.*, 2018 WL 10196622, at *2 (D.D.C. May 8, 2018) (citing *Dart Cherokee*, 574 U.S. at 87).  The

defendant's amount-in-controversy allegation should be accepted if it is not "contested by the plaintiff or questioned by the court[.]" *Dart Cherokee*, 574 U.S. at 87.

17.    The amount-in-controversy exceeds $5,000,000 jurisdictional minimum.

18.    ***Damages***. The amount in controversy exceeds the jurisdictional threshold based on the alleged "actual damages" and sales of Quince products in the District of Columbia. In the relevant three year statute of limitations period, Quince exceeded $5 million in sales in the District of Columbia of products put at issue in the Complaint, i.e., those products displaying "Traditional retail" strikethrough pricing. Thus, Plaintiff's Complaint alleges more than $5 million in actual damages. D.C. Code § 28-3905(k)(A) permits treble damages or $1,500 per violation, whichever is greater. Actual damages under the CPPA may be trebled, easily exceeding the threshold for jurisdiction under CAFA. Based on the claims alleged, for purposes of removal only, and without conceding that Plaintiffs or the putative class are entitled to damages or remedies, as pleaded in the Complaint, exceed the jurisdictional amount of $5,000,000 for the time period at issue.

19.    ***Attorneys' Fees.*** The Complaint also seeks attorneys' fees, which contribute to the case value exceeding the amount-in-controversy. **Exhibit A,** Compl. at Prayer for Relief. The CPPA provides for attorneys' fees. D.C. Code § 28-3905(k)(B). Statutory attorneys' fees may be considered in calculating the amount in controversy "when they are provided for by … a statute in controversy." *Parker-Williams v. Charles Tini & Assoc., Inc.*, 53 F. Supp. 3d 149, 153 (D.D.C. 2014) (quoting *Srour v. Barnes*, 670 F. Supp. 18, 22 n.3 (D.D.C. 1987)). Quince does not believe that an award of attorneys' fees would be appropriate here, but an award would be 33% of damages sought is a typical measure of attorneys' fees. *Zuckman v. Monster Beverage Corp.*, 958 F. Supp. 2d 298, (D.D.C. 2013) (estimating a "reasonable contingency fee" of 33% for CPPA claim). The

addition of attorneys' fees to damages already exceeding $5 million also ensures the amount in controversy exceeds $5,000,0000.

20.     *Punitive Damages*.  The Complaint requests punitive damages.  **Exhibit A,** Compl. at Prayer for Relief.  "A court must consider claims of punitive damages when determining the jurisdictional amount, as long as those damages have 'at least a colorable basis in law and in fact.'" *Parker-Williams*, 53 F. Supp. 3d at 153 (quoting *Kahal v. J.W. Wilson & Associates, Inc.*, 673 F.2d 547, 549 (D.C. Cir. 1982)).  The CPPA provides for punitive damages, D.C. Code § 28-3905(k)(B), which is recoverable separate from treble damages, *Dist. Cablevision Ltd. P'ship v. Bassin*, 828 A.2d 714, 728–29 (D.C. Ct. App. 2003).  Punitive damages in addition to trebled damages and attorneys' fees undoubtedly increases the jurisdictional amount to above $5,000,000.

21.     *Injunctive relief*. The Complaint seeks injunctive relief, which additionally makes the case exceed the amount-in-controversy.  **Exhibit A**, Compl. at Prayer for Relief.  Injunctive relief would involve changing Quince's pricing practices and amending its website.  The cost of any such proposed injunction (e.g. revisions to marketing, additional disclosures, and impact resulting from the changes in marketing) is substantial and further indicates the amount in controversy is exceeded.  "The value of injunctive relief for determining the amount in controversy can be calculated as the cost to the defendant." *Comm. For GI Rights v. Callaway*, 518 F.2d 466, 472–73 (D.C. Cir. 1975).  The cost of compliance with Plaintiffs' requested injunctive relief adds to the amount in controversy.

22.     In sum, based on Plaintiffs' pleaded assertions and theories of recovery, the amount in controversy exceeds $5,000,000.

*Venue*

23.     Venue is proper in this district and in the division pursuant to 28 U.S.C. § 144(a) because the United States District Corut for the District of Columbia is the federal district encompassing the Superior Court of the District of Columbia, Civil Division, where Plaintiff originally filed this action.

### *Notice to the District Court and Plaintiffs*

24.     Quince has given Plaintiffs' written notice of the filing of this Notice of Removal, as required by 28 U.S.C. § 1446(d), by service on counsel.

25.     As required by 28 U.S.C. § 1446(d), Quince is filing in the Superior Court of the District of Columbia and serving upon Plaintiff and his counsel of record a Notice to State Court and Adverse Party of Removal of Civil Action to Federal Court (with these removal papers attached).  A copy of that Notice without its attachments is attached and included with **Exhibit C**.

### CONCLUSION

For the foregoing reasons, Quince removes this action to this Court from the Superior Court of the District of Columbia.

DATED:  APRIL 3, 2026                    DAVIS WRIGHT TREMAINE LLP


                                         /s/ Patrick J. Curran Jr.
                                         _____

                                         Patrick J. Curran Jr. (D.C. Bar No. 1026302)
                                         **DAVIS WRIGHT TREMAINE LLP**
                                         1301 K Street NW, Suite 500 East
                                         Washington, D.C. 20005
                                         (202) 973-4277
                                         patcurran@dwt.com


                                         James H. Moon (CA Bar No. 268215)*
                                         Katelyn A. Feliciano (CA Bar No. 350385)*
                                         **DAVIS WRIGHT TREMAINE LLP**
                                         350 South Grand Ave 27th Floor
                                         Los Angeles, CA 90071
                                         (213) 633-6819
                                         (213) 655-9682
                                         jamesmoon@dwt.com
                                         katelynfeliciano@dwt.com
                                         *pro hac vice forthcoming*

                                         *Attorneys for Last Brand, Inc.*

viii

# EXHIBIT A

**IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION**

| | |
|---|---|
| **ALLYSA ANDREWS**<br>1643 13th Street NW, Apt. 2<br>Washington, D.C. 20009<br><br>**and SEAMUS PUGH,**<br>51 Randolph Place NW<br>Washington, D.C. 20001<br><br>*on behalf of themselves and all others*<br>*similarly situated,*<br><br>*Plaintiffs,*<br><br>v.<br><br>**Last Brand, Inc.**<br>260 Townsend St<br>San Francisco, California 94107<br><br>*Defendant.* | **Case No.**  2026-CAB-001059<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs Allysa Andrews and Seamus Pugh, on behalf of themselves and a class of those similarly situated, bring this Class Action Complaint against Defendant Last Brand, Inc. d/b/a Quince ("Quince" or "Defendant") for violations of the District of Columbia Consumer Protection Procedures Act ("CPPA"), D.C. Code § 28-3901. The allegations below are based on Plaintiffs' personal knowledge as to Plaintiffs' individual experiences, the investigation of counsel, and information and belief.

**NATURE OF THE ACTION**

1.      Quince markets and sells consumer goods including clothes, shoes, and handbags. It regularly misleads consumers by telling them that they are "saving" money by purchasing products from Quince when that is not true.

1

2.      On its website, Quince's product pages display product pictures. To the right, below the product name and reviews, Quince displays the price of the product along with the claim, "You save [X]%". Next to the price, Quince prominently shows a higher price with a strikethrough and the notation, "Traditional retail." This implies that the product is sold elsewhere at the "Traditional retail" price, such that consumers are saving money by buying the product at Quince rather than somewhere else.

3.      Consumers do not, however, save money by buying products from Quince. The ostensibly discounted products are not sold elsewhere at higher prices—and the purported "Traditional retail" price corresponds to different products offered at other retailers. In the end, Quince offers the ostensibly discounted products at an ordinary price, and purchasing a product at its ordinary price cannot truthfully be labeled a "saving."

4.      For example, Quince sells a Mongolian Cashmere Fisherman Crewneck Sweater for $99.90:



5.   Quince tells consumers that the sweater is sold for $395.00 at "Traditional retail" such that the consumer will "save 75%" by buying it from Quince:



3

6.      A consumer who continues to browse and scrolls down the product page will come across a chart titled "Beyond Compare." This chart presents a comparison between Quince's price and that of competitors. Specifically, it references product listings in Jenni Kayne and La Ligne, each with a price of $395. The chart does not provide links to these products or further product details.

BEYOND COMPARE ⓘ

|  | QUINCE | JENNI KAYNE | LA LIGNE |
|---|---|---|---|
| PRICE | $99.90 | $395.00 | $395.00 |
| SAVINGS (%) | ● | 75% | 75% |
| 100% GRADE-A MONGOLIAN CASHMERE | ● | ✕ | ✕ |
| FREE SHIPPING | ● | ● | ● |
| FREE RETURNS | 365 days | 21 days | 14 days |

7.      But neither Jenni Kayne nor La Ligne carry Quince's Mongolian Cashmere Fisherman Crewneck Sweater. Instead, they carry different cashmere sweaters offered, for example, in colors and sizes not available on Quince's.

4



8.      Consumers are not "sav[ing] 75%" by buying a *$99.90 sweater* from Quince *for $99.90*, instead of buying a different, higher-priced sweater from some other store. Because the sweaters being sold for $395 are not the sweaters which Quince is selling, the statement that "You save 75%" is misleading.

9.      District of Columbia law protects District of Columbia citizens from misrepresentations of this kind. Accordingly, Plaintiffs bring this action to put a stop to Quince's false and misleading advertising practices.

## JURISDICTION AND VENUE

10.     This Court has subject matter jurisdiction over this case pursuant to D.C. Code § 11-921, *et seq.* and the CPPA, D.C. Code § 28-3901, *et seq.* because the claims are brought under the laws of the District of Columbia.

11.     This Court has personal jurisdiction over this case pursuant to D.C. Code § 13-423 because Quince transacts business in the District of Columbia and commits torts in the District of

Columbia as described in this Complaint.

## PARTIES

12.    Allysa Andrews is a natural person and resident and citizen of Washington, D.C.

13.    Seamus Pugh is a natural person and resident and citizen of Washington, D.C.

14.    Last Brand, Inc d/b/a Quince is a Delaware corporation with a principal address at 260 Townsend St, San Francisco, CA 94107.

## COMMON FACTUAL ALLEGATIONS

### A.    Quince's Deceptive Sales Practices

15.    Quince sells its products through its e-commerce website, www.quince.com.

16.    In an effort to increase sales, Quince engages in a pervasive online marketing scheme to deceptively market its products as though they are on sale, or as though consumers are receiving "savings," when that is not true.

17.    Most product listings on Quince's website display the product's sales price accompanied by a "Traditional retail price" shown in strikethrough. Beneath the sales price, Quince shows a "You save [X]%" figure, suggesting consumers are receiving a discount:



18.    The "Traditional retail" and "You save" figures listed by Quince are designed to give the impression that the consumer is obtaining the product at a substantially reduced rate compared to what they might pay elsewhere for the listed product.

19.    But those figures are purely fictitious. The strikethrough "Traditional retail" price is not a markdown from the price at which Quince formerly offered the product—nor does it correspond to the price at which the product is available at some other store. Instead, the price in strikethrough is simply the price at which other stores sell *some other* product.

20.    In the image above, the "Mini U Hoops" are sold for $29.90 at Quince. Quince tells consumers they will "save 54%" by purchasing the Mini U Hoops for $29.90. But the earrings are not on sale: the regular price for the Mini U Hoops is $29.90, and they weren't previously sold at $65.00. Nor are Quince's "Mini U Hoops" earrings offered elsewhere at a higher price.

21.    Instead, in setting a reference price for its "Mini U Hoops" earrings, Quince identifies different earrings, sold by different retailers, at different prices. But a consumer does not "save" money by buying a product at the price at which the seller offers it for sale on a regular basis—notwithstanding that a *different* product is sold for more.

22.    The fictitious price, at which Quince's products have *never* been listed for, is merely offered for the purpose of deceiving consumers into believing they are receiving a bargain for their purchases. And the statement that "You save [X]%" is false.

23.    Quince's advertisements and deceptive pricing artificially increase consumer demand for Quince's products, and mislead District of Columbia consumers.

24.    Reasonable consumers, who rely on Quince to provide accurate and truthful information about sales and pricing, cannot reasonably avoid this injury. And Defendant's fake discounts offer no countervailing benefits—misrepresenting products' prices harms both

7

consumers and honest competition.

**B.    Named Plaintiffs' Experiences.**

**1.    Plaintiff Pugh**

25.    On or about April 12, 2024, Plaintiff Pugh purchased a Classic Organic Percale Duvet Cover Set in size full/queen for $99.90 from quince.com. Prior to making his purchase, Mr. Pugh saw the price of the item. He observed that the item was priced at $99.90, that he was told "You save" with a percentage amount, and a grayed-out strikethrough price labeled as "Traditional retail price."

26.    Based on Quince's representations on its website, Mr. Pugh believed the marked-down price and associated savings percentage to be temporary. He also believed that the "Traditional retail price" meant that he would have to pay that higher amount if he purchased Quince's Percale Duvet Cover Set elsewhere. The strikethrough pricing impacted Mr. Pugh's decision to buy the duvet set before the discount was discontinued. Mr. Pugh did not understand, because Quince did not make clear to him, that the "Traditional retail price" was referring to other duvet cover sets sold by other retailers—not the prior price for Quince's product, nor the price he would pay for the same set at other stores. Quince led him to believe that he would actually "save" money by buying the duvet cover set from Quince when that was not true.

27.    Currently, Quince sells its Classic Organic Percale Duvet Cover Set for $89.90, with a listed savings of 61% and a strikethrough price of $229. Quince has never listed the Classic Organic Percale Duvet Cover Set at $229, and the duvet cover sets available at other stores for $229 are not the same product sold at Quince.

8





28.     On or about May 29, 2025, Plaintiff Pugh purchased a pair of 100% European Linen Drawstring Beach Pants for $49.90 from quince.com. Prior to making his purchase, Mr. Pugh saw the price of the item. He observed that the item was priced at $50, with a statement that "You save" with a percentage next to it. He also observed a grayed-out strikethrough price of $75, leading him to believe that the pants were marked down from $75.

29.     Based on Quince's representations on its website, Mr. Pugh understood the pants' pricing to be a time-limited discount on the linen pants. He also believed that the "Traditional retail price" meant that he would have to pay that higher amount if he purchased the pants elsewhere. Mr. Pugh believed the marked-down price to be temporary, and the strikethrough pricing impacted Mr. Pugh's decision to buy the linen pants before the discount was discontinued. Mr. Pugh did not understand, because Quince did not make clear to him, that the "Traditional retail price" was referring to other pants sets sold by other retailers—not the prior price for Quince's product, nor the price he would pay for the same pants at other stores. Quince led him to believe that he would actually "save" money by buying the pants from Quince when that was not true.

30.     Currently, Quince sells its Men's 100% European Linen Pants for $49.90, with a

listed savings of 61% and a strike-through price of $128. Quince has never sold its Men's 100% European Linen Pants for $75 or $128.



31.    Had Mr. Pugh known the truth, he would not have purchased the products above, or would have paid less for them.

32.    Mr. Pugh would continue to buy products from Quince if he could trust that their representations about savings were accurate and true.

### 2. Plaintiff Andrews

33.    On November 30 2024, Plaintiff Andrews bought workout tops from Quince. On March 20, 2025, Ms. Andrews bought a silk skirt from Quince. Prior to making her purchases, Ms. Andrews saw the prices of the items. She observed the prices of the items, that she was told "You save" with a percentage amount, and grayed-out strikethrough prices labeled as "Traditional retail price."

34.    Based on Quince's representations on its website, Ms. Andrews believed the marked-down prices and associated savings percentages to be a sale price. She also believed that

10

the "Traditional retail price" meant that she would have to pay that higher amount if she purchased the products elsewhere. The strikethrough pricing impacted her decision to buy the products before the discounts were discontinued. She did not understand, because Quince did not make clear to her, that the "Traditional retail price" was referring to other products sold by other retailers—not the prior prices for Quince's products, nor the prices she would pay for the same set at other stores. Quince led her to believe that she would actually "save" money by buying the products from Quince when that was not true.

35.    Had Ms. Andrews known the truth, she would not have bought these products or would have paid less for them.

36.    Ms. Andrews would continue to purchase products from Quince if she could trust their representations were true and accurate.

## CLASS ACTION ALLEGATIONS

37.    Plaintiffs bring this action on behalf of themselves and the proposed class, defined as follows: **All District of Columbia residents who purchased products from Quince that were marketed with a strikethrough price during the statute of limitations through the date a class is certified.**

38.    Excluded from the Class is Quince, its parents, subsidiaries, affiliates, officers, and directors; any entity in which Quince has a controlling interest; all potential Class members who make a timely election to be excluded; governmental entities; and all judges assigned to hear any aspect of this litigation as well as their family members.

39.    **Numerosity**. The Class is so large that joinder of all of its members would be impracticable. There are likely thousands of Class members. The precise number of members of the Class and their identities are unknown to Plaintiffs at this time but may be determined through

11

discovery. Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant.

40. **Commonality**. Quince has acted or refused to act on grounds that apply equally to all members of the Class. Absent certification, the relief sought by this Complaint creates the possibility of inconsistent judgments or obligations upon Quince. Numerous common issues of law and fact exist, including:

a. Whether Quince's strikethrough prices are false and misleading;

b. Whether Quince's listed savings percentages are false and misleading;

c. Whether Plaintiffs and the Class Members were harmed by Quince's misleading sales practices;

d. Whether Quince's sales practices set forth in this Complaint violates the statute referenced herein;

e. Whether Plaintiffs and the Class Members are entitled to full or partial refunds;

f. Whether Plaintiffs and the Class Members are entitled to statutory damages;

g. Whether Plaintiffs and the Class Members are entitled to punitive damages; and

h. Whether Quince should be enjoined from continuing to advertise fictitious prices to its customers.

41. **Predominance.** The common issues predominate over individualized inquiries in this action because Quince's liability can be established as to all members of the Class.

42. **Typicality.** Typicality exists because Plaintiffs' claims are identical to the claims of the Class members. Their claims all arise from Quince's practice of advertising false discounts off fictitious reference prices and are based on the same legal theories.

43.     **Adequacy.** Plaintiffs are adequate class representatives as Plaintiffs have no interests adverse to the Class and Quince has no defenses unique to Plaintiffs. Plaintiffs have hired competent, experienced class action attorneys to represent the Class and prosecute the Class's claims.

44.     **Superiority.** There are substantial benefits to proceeding as a class action that render proceeding as a class action superior to any alternatives, including that it will provide a realistic means for members of the Class to recover damages; the damages suffered by members of the Class may be relatively small it would be substantially less burdensome on the courts and the parties than numerous individual proceedings; many members of the Class may be unaware that they have legal recourse for the conduct alleged herein; and because issues common to the members of the Class can be effectively managed in a single proceeding. Plaintiffs know of no difficulty that could be encountered in the management of this litigation that would preclude its maintenance as a class action.

**COUNT I**
**Violation of District of Columbia Consumer Protection Procedures Act ("CPPA")**
**D.C. Code §28-3901, *et seq***
**(*On behalf of Plaintiffs and the Class*)**

45.     Plaintiffs fully restate and incorporates paragraphs 1 through 44 as if set forth herein.

46.     Plaintiffs bring this claim on their own behalf and on behalf of members of the Class.

47.     The CPPA is a remedial statute that is to be broadly construed. It establishes an enforceable right to truthful information from merchants about consumer goods and services that are or would be purchased, leased, or received in the District of Columbia.

48.     The goods that Quince provides consumers are for personal, household, or family

13

purposes and are therefore consumer goods.

49.    Quince, in the ordinary course of business, supplies consumer goods and services and therefore is a merchant under the CPPA. D.C. Code § 28-3901(a)(1)(2).

50.    Quince's customers receive consumer goods for personal, household, or family uses and are therefore consumers under the CPPA. D.C. Code § 28-3901(a)(3).

51.    Quince's practices described herein are "trade practices" within the meaning of the CPPA because they are an act that does or would create, make available, provide information about, or directly or indirectly solicit or offer or effectuate a sale or transfer of goods. D.C. Code § 28-3901(a)(6).

52.    The CPPA prohibits misleading and deceptive trade practices in connection with the offer, sale, and supply of consumer goods and services. D.C. Code § 28-3904.

53.    Reliance is not a requirement under the CPPA.

54.    The CPPA makes it illegal to, among other things:

   a.  Misrepresent as to a material fact which has a tendency to mislead (D.C. Code § 28-3904(e));

   b.  Fail to state a material fact if such failure tends to mislead (D.C. Code § 28-3904(f));

   c.  Use innuendo or ambiguity as to a material fact, which has a tendency to mislead (D.C. Code § 28-3904(f-1)); and

   d.  Make false or misleading representations of fact concerning the reasons for, existence of, or amounts of price reductions, or the price in comparison to price of competitors or one's own price at a past or future time (D.C. Code § 28-3904(j)).

55.    The D.C. Office of the Attorney General has warned businesses like Safeway that

14

consumers "have a right to clear information about prices in advance of any purchase," and that businesses must not "make misleading claims or false statements about the price of an item for sale," including by "us[ing] ambiguous or vague language that tends to mislead a consumer." https://oag.dc.gov/sites/default/files/2023-12/Business-Advisory-Price-Transparency.pdf.

56.    Quince's use of false reference prices for customers that are not the ordinary, bona fide price of its products, and advertising misleading fabricated discounts off the false reference prices, violated the CPPA.

57.    Quince's practices described herein are misleading in several ways. First, the statement "You save [X]%" is false because it cannot be said that consumers "save" money when buying a product from Quince at Quince's regularly-offered price—and when no other retailer offers the product in question at some higher price. Second, the use of the fictitious strikethrough price is misleading because it gives the impression that either the product is discounted from (i) Quince's ordinarily higher price, or (ii) from a higher price at which someone else sells or sold it. Neither is true.

58.    Quince's use of false reference prices for customers is a false or misleading representation of fact concerning the reasons for, existence of, or amounts of price reductions, as well as the price of the product in comparison with the price of competitors' or its own prices at a past or future time.

59.    The use of the false reference prices—and the amount of the purported discount off the false reference price—are untrue or misleading statements. The actual reference price of the products is material because a reasonable person would attach importance to its existence or nonexistence when determining his or her choice of action in the transaction, and because Quince regards the matter as important in determining the buyer's choice of action.

15

60.    Quince failed to disclose that it does not sell its products to customers at the reference prices, and that omission was material as well.

61.    By showing a discount sale price with percentage savings, Quince used innuendo or ambiguity as to a material fact (i.e. the actual price of the products) with a tendence to mislead.

62.    Quince's misleading acts or practices harm consumers in the District of Columbia. Plaintiffs and the Class purchased Quince products based on the reasonable belief that they were getting a true discount off a real reference price. None of those things were true as the reference prices were not the true prices for Quince products. Had Plaintiffs and the Class Members known the truth, they would not have purchased the Quince products they bought, or paid less for it.

## JURY TRIAL DEMAND

Plaintiffs demand a trial by jury on all claims so triable.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs request this Court enter judgment in favor of Plaintiffs and the Classes as follows:

A. Certifying the proposed Class, naming Plaintiffs as the representatives of the Class, and naming Plaintiffs' attorneys as Class Counsel to represent the Class;

B. Awarding declaratory relief as requested herein;

C. Awarding restitution and reimbursement of all improper fees paid to Defendant by Plaintiffs and the Class members as a result of the wrongs alleged herein in an amount to be determined at trial;

D. Compelling disgorgement of all ill-gotten gains derived by Defendant from its misconduct;

E. Awarding damages in an amount according to proof, including compensatory, treble, statutory, general, nominal, and punitive and exemplary damages, as allowed by law;

16

F.  Imposing a permanent injunction banning Quince from continuing to use false reference price in its marketing of its products;

G.  Awarding pre-judgment interest at the maximum rate permitted by law;

H.  Reimbursing all costs and disbursements accrued by Plaintiffs in connection with this action, including reasonable attorneys' fees; and

I.  Awarding such other relief as this Court deems just and proper.


Dated: February 17, 2026                    Respectfully submitted,

                                            */s/ Katherine M. Aizpuru*
                                            Katherine Aizpuru (D.C. Bar No. 1022814)
                                            **TYCKO & ZAVAREEI LLP**
                                            2000 Pennsylvania Avenue NW, Suite 1010
                                            Washington, D.C. 20006
                                            Tel.: (202) 973-0900
                                            Fax: (202) 973-0950
                                            kaizpuru@tzlegal.com

                                            Lavanya Prabhakar (*pro hac vice* forthcoming)
                                            **TYCKO & ZAVAREEI LLP**
                                            1970 Broadway, Suite 1070
                                            Oakland, CA 94612
                                            Tel.: (510) 254-6808
                                            Fax: (202) 973-0950
                                            lprabhakar@tzlegal.com

                                            Jennifer Czeisler (*pro hac vice* forthcoming)
                                            Edward W. Ciolko (*pro hac vice* forthcoming)
                                            Arturo Peña (*pro hac vice* forthcoming)
                                            **STERLINGTON PLLC**
                                            530 Fifth Avenue, Suite #804
                                            New York, NY 10036
                                            Tel.: (212) 433 2993
                                            jen.czeisler@sterlingtonlaw.com
                                            edward.ciolko@sterlingtonlaw.com
                                            arturo.pena@sterlingtonlaw.com

17

# EXHIBIT B

Civil Actions

# Case Summary

### Case No. 2026-CAB-001059

| | | |
|---|---|---|
| **Allysa Andrews et al. v. Last Brand, Inc.** § | Location: | **Civil Actions** |
| § | Judicial Officer: | **Meek, Leslie A** |
| § | Filed on: | **02/17/2026** |

---

## Case Information

|  |  |
|---|---|
| Case Type: | Statutory Claim |
| Subtype: | Consumer Protection Act |
| Case Status: | **02/17/2026   Open** |

---

## Assignment Information

**Current Case Assignment**

| | |
|---|---|
| Case Number | 2026-CAB-001059 |
| Court | Civil Actions |
| Date Assigned | 02/19/2026 |
| Judicial Officer | Meek, Leslie A |

**Previous Case Assignments**

| | |
|---|---|
| Case Number | 2026-CAB-001059 |
| Court | Civil Actions |
| Date Assigned | 02/17/2026 |
| Reason | Judge Assigned |

---

## Party Information

*Lead Attorneys*

**Plaintiff**   **Andrews, Allysa**

1643 13th ST Northwest
APT 2
Washington, DC 20009

**Aizpuru, Katherine M**
*Retained*
202-973-0950(F)
202-973-0900(W)
TYCKO & ZAVAREEI LLP
2000 Pennsylvania Ave NW, Suite 1010

Washington, DC 20006
kaizpuru@tzlegal.com

**Pugh, Seamus**

51 Randolph PL Northwest
Washington, DC 20001

**Aizpuru, Katherine M**
*Retained*
202-973-0950(F)
202-973-0900(W)
TYCKO & ZAVAREEI LLP
2000 Pennsylvania Ave NW, Suite 1010
Washington, DC 20006
kaizpuru@tzlegal.com

**Defendant**   **Last Brand, Inc.**

260 Townsend ST
San Francisco, CA 94107

---

## Events and Orders of the Court

02/17/2026

Complaint eFiled
*No summons submitted*
Docketed on:   02/19/2026
Filed by:   Plaintiff Andrews, Allysa;
              Plaintiff Pugh, Seamus

02/19/2026

Initial Order [Remote]     (Judicial Officer: Meek, Leslie A)

02/19/2026

Notice

02/19/2026

Initial Summons Requested as to
Docketed on:   02/20/2026
Party:   Plaintiff Andrews, Allysa

03/06/2026

Affidavit/Declaration of Service of Summons and Complaint
Docketed On:   03/09/2026
Filed By:   Plaintiff Andrews, Allysa
Served On:   Defendant Last Brand, Inc.

03/16/2026
Motion to Extend Filed
*Joint Motion to Extend Deadlines*
Docketed on:  03/17/2026
Filed by:  Plaintiff Andrews, Allysa;
Plaintiff Pugh, Seamus;
Private Practice Attorney Aizpuru, Katherine M

05/22/2026
**Remote Initial Scheduling Conference**  (9:30 AM)  (Judicial Officer: Meek, Leslie A)

---

## Financial Information

**Plaintiff**    Andrews, Allysa
Total Financial Assessment                                                      140.00
Total Payments and Credits                                                      140.00
**Balance Due as of 04/03/2026**                                                **0.00**



**Superior Court of the District of Columbia**
**Civil Division - Civil Actions Branch**
**500 Indiana Ave NW, Room 5000, Washington DC 20001**
**202-879-1133 | www.dccourts.gov**

**Case Number:** 2026-CAB-001059

**Case Style:** Allysa Andrews et al. v. Last Brand, Inc.

### INITIAL ORDER

| Initial Hearing Date: | Initial Hearing Time: | Courtroom Location: |
|---|---|---|
| Friday, 05/22/2026 | 9:30 AM | Remote Courtroom 517 |

**Please see attached instructions for remote participation.**

Your case is assigned to Associate Judge Leslie A Meek.

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("Super. Ct. Civ. R.") 40-I, it is hereby ORDERED as follows:

1) This case is assigned to the judge and calendar designated above. All future filings in this case shall bear the calendar number and judge's name along with the case number in the caption.

2) Within 60 days of the filing of the complaint, plaintiff must file proof of service on each defendant of copies of the summons, the complaint, and this Initial Order. The court will dismiss the claims against any defendant for whom such proof of service has not been filed by this deadline, unless the court extended the time for service under Rule 4.

3) Within 21 days of service (unless otherwise provided in Rule 12), each defendant must respond to the complaint by filing an answer or other responsive pleading. The court may enter a default and a default judgment against any defendant who does not meet this deadline, unless the court extended the deadline under Rule 55(a).

4) At the time stated above, all counsel and unrepresented parties shall participate in a hearing to establish a schedule and discuss the possibilities of settlement. Counsel shall discuss with their clients before the hearing whether the clients are agreeable to binding or non-binding arbitration. This order is the only notice that parties and counsel will receive concerning this hearing.

5) If the date or time is inconvenient for any party or counsel, the Civil Actions Branch may continue the Conference once, with the consent of all parties, to either of the two succeeding days when the calendar is called. To reschedule the hearing, a party or lawyer may call the Branch at (202) 879-1133. Any such request must be made at least seven business days before the scheduled date. No other continuance will be granted except upon motion for good cause shown.

6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each judge's Supplement to the General Order and the General Mediation Order.  Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Milton C. Lee, Jr.

**To Join by Computer, Tablet, or Smartphone:**

1) Copy and Paste or Type the link into a web browser and enter the Webex Meeting ID listed below.

   Link: dccourts.webex.com/meet/ctb517

   Meeting ID: 129 911 6415

2) When you are ready, click "Join Meeting".

3) You will be placed in the lobby until the courtroom clerk gives you access to the hearing.


**Or to Join by Phone:**

1) Call 202-860-2110 (local) or 844-992-4726 (toll-free)

2) Enter the Webex Meeting ID listed above followed by "##"


**Resources and Contact Information:**

1) For best practices on how to participate in Webex Meetings, click here https://www.webex.com/learn/best-practices.html.

2) For technical issues or questions, call the Information Technology Division at 202-879-1928 and select option 2.

3) For case questions, call the Civil Actions Branch Clerk's Office at 202-879-1133.

4) To change your method of hearing participation, visit www.dccourts.gov/hearing-information for instructions and forms.

## ACCESSIBILITY AND LANGUAGE ACCESS

### Persons with Disabilities:

If you have a disability as defined by the American Disabilities Act (ADA) and you require an accommodation, please call 202-879-1700 or email ADACoordinator@dcsc.gov. The D.C. Courts does not provide transportation service.

### Interpreting and Translation Services:

The D.C. Courts offers free language access services to people having business with the court who are deaf or who are non-English speakers. Parties to a case may request free translations of court orders and other court documents. To ask for an interpreter or translation, please contact the Clerk's Office listed for your case. For more information, visit https://www.dccourts.gov/language-access.

### Servicios de interpretación y traducción:

Los Tribunales del Distrito de Columbia ofrecen servicios gratuitos de acceso al idioma a las personas sordas o que no hablan inglés que tienen asuntos que atender en el tribunal. Las partes de un caso pueden solicitar traducciones gratuitas de las órdenes judiciales y otros documentos del tribunal. Para solicitar un intérprete o una traducción, póngase en contacto con la Secretaría de su caso.

Para más información, visite https://www.dccourts.gov/language-access.

El acceso al idioma es importante para los Tribunales del Distrito de Columbia. Puede dar su opinión sobre los servicios de idiomas visitando https://www.dccourts.gov/services/information-and-resources/interpreting-services#language-access.

### የቃልና የጽሑፍ ትርጓሜ አገልግሎቶች:

የዲ.ሲ ፍርድ ቤቶች መስማት ለተሳናቸውና የእንግሊዝኛ ቋንቋ ተናጋሪ ላልሆኑ በፍርድ ቤቱ ጉዳይ ላላቸው ሰዎች ነጻ የቋንቋ ተደራሽነት አገልግሎቶች ያቀርባል። ተከራካሪ ወገኖች የፍርድ ቤት ትእዛዞችና ሌሎች የፍርድ ቤት ሰነዶች በነጻ እንዲተረጎሙላቸው መጠየቅ ይችላሉ። የቃል ወይም የጽሑፍ ትርጓሜ ለመጠየቅ እባክዎን በመዝገብዎ የተዘረዘረውን የጸሀፊ ቢሮ (ክለርክ'ስ ኦፊስ) ያናግሩ። ለተጨማሪ መረጃ https://www.dccourts.gov/language-access ይጎብኙ።

የቋንቋ ተደራሽነት ለዲ.ሲ. ፍርድ ቤቶች አስፈላጊ ነው። የቋንቋ አገልግሎቶች በተመለከተ አስተያየትዎን https://www.dccourts.gov/services/information-and-resources/interpreting-services#language-access በመጎብኘት መስጠት ይችላሉ።

# Tips for Attending Remote Hearings - Civil Division

*Your court hearing may be held remotely. This means that you will participate by phone or by video conference instead of coming to the courthouse. Here are some tips on how to prepare.*

## How do I know if I have a remote hearing?

The Court will contact you to tell you that your hearing is remote. They may contact you by sending you an email, letter in the mail, or by calling you.



## How do I take part in a remote hearing?

The Court will give you step-by-step instructions on how to take part in the remote hearing.

If you lose your written notice, call the Civil Actions Clerk's Office for instructions at:

📞 202-879-1133

## Is there anything that I should do before the day of the hearing?

- Let the court know immediately if you cannot join a hearing because you do not have a phone or computer.

   Civil Actions Clerk's Office: 202-879-1133

- You may want to contact an attorney for legal help.

- You can also find the list of legal services providers at www.dccourts.gov/services/represent-yourself by clicking on the link that says, "List of Legal Service Providers for Those Seeking an Attorney or Legal Advice".

- Evidence: if you want the judge to review photos or documents, ask the judge how to submit your evidence.

- Witnesses: tell the judge if you want a witness to testify at your hearing.

- Accommodations & Language Access: let the court know if you need an interpreter or other accommodation for your hearing.

## Tips for the Hearing



- Join the hearing a few minutes early!

- Charge your computer or phone and make sure you have enough minutes to join the call. Find a private and quiet space. If possible, be alone in a room during the hearing. Try to limit distractions as much as possible. If others are in the room with you, ask if they can be quiet during the hearing.

- Mute your microphone when you are not talking. Mute all sounds on your phone or computer.

- Say your name before you speak so the record is clear. Be prepared to identify your role in the hearing (e.g., observer, plaintiff, defendant, witness, etc.).

- Speak slowly and clearly so everyone hears what you are saying.

- Pause before speaking in case there is a lag. Use a headset or headphones if you can. This will free up your hands and sound better.

- Try not to talk over anyone else. Only one person can speak at a time. If you talk while someone else is talking, the judge will not be able to hear you.

- Have all your documents for the hearing in front of you. Have a pen and paper to take notes.

- If you are not ready for your hearing or want to speak with an attorney, you can ask the judge to postpone your hearing for another date.

- If your sound or video freezes during the hearing, use the chat feature or call the Clerk's Office to let them know that you are having technical issues.

## Special Tips for Video Hearings
### (Click here for more information)



- Download the court's hearing software, WebEx, in advance and do a test run! The Court will provide you with a WebEx link in advance of the hearing.

- Set up the camera at eye level. If you are using your phone, prop it up so you can look at it without holding it.

- Look at the camera when you speak and avoid moving around on the video.

- Wear what you would normally wear to court.

- Sit in a well-lit room with no bright lights behind you.

- If possible, find a blank wall to sit in front of. Remember the judge will be able to see everything on your screen, so pick a location that is not distracting.





# District of Columbia Courts

# Tips for Using DC Courts Remote Hearing Sites

The DC Courts have **remote hearing sites** available in various locations in the community to help persons who may not have computer devices or internet service at home to participate in scheduled remote hearings. The Courts are committed to enhancing access to justice for all.

There are four remote access sites throughout the community which will operate **Monday – Friday, 8:30 am – 4:00 pm.**

| **Remote Site – 1** | **Remote Site – 3** |
|---|---|
| Balance and Restorative Justice Center<br>1215 South Capitol Street, SW<br>Washington, DC 20003 | Balance and Restorative Justice Center<br>118 Q Street, NE<br>Washington, DC 20002 |



| **Remote Site – 2** | **Remote Site – 4** |
|---|---|
| Balance and Restorative Justice Center<br>1110 V Street, SE<br>Washington, DC 20020 | Balance and Restorative Justice Center<br>920 Rhode Island Avenue, NE<br>Washington, DC 20018 |

**If you want to use a remote site location for your hearing**, call 202-879-1900 or email DCCourtsRemoteSites@dcsc.gov at least 24 hours before your hearing to reserve a remote access computer station.

**If you require special accommodations such as an interpreter for your hearing**, please call 202-879-1900 at least 24 hours in advance of your hearing so the Courts can make arrangements.

**\*You should bring the following items when you come to your scheduled site location\***

1. Your case number and any hyperlinks provided by the Courts for your scheduled hearing.
2. Any documents you need for the hearing (evidence), including exhibits, receipts, photos, contracts, etc.
3. Materials for notetaking, including pen and paper.

\*Safety and security measures are in place at the remote sites.

**Contact information to schedule your remote access computer station:**
Call:  202-879-1900
Email:  DCCourtsRemoteSites@dcsc.gov




# Tribunales del Distrito de Columbia
## Consejos para usar los sitios de audiencia remota de los Tribunales de DC

Los Tribunales de DC disponen de **sitios de audiencia remota** en distintos centros de la comunidad para ayudar a que las personas que no tienen dispositivos informáticos o servicio de Internet en su casa puedan participar en audiencias remotas programadas. Los Tribunales honran el compromiso de mejorar el acceso de toda la población a la justicia.

En toda la comunidad hay cuatro sitios de acceso remoto que funcionarán **de Lunes a Viernes, de 8:30 am a 4:00 pm**.

### Sito Remoto – 1
Balance and Restorative Justice Center
1215 South Capitol Street, SW
Washington, DC 20003

### Sito Remoto – 2
Balance and Restorative Justice Center
1110 V Street, SE
Washington, DC 20020



### Sito Remoto – 3
Balance and Restorative Justice Center
118 Q Street, NE
Washington, DC 20002

### Sito Remoto – 4
Balance and Restorative Justice Center
920 Rhode Island Avenue, NE
Washington, DC 20018

**Si desea usar un sitio remoto para su audiencia**, llame al 202-879-1900 o envíe un mensaje de correo electrónico a DCCourtsRemoteSites@dcsc.gov al menos 24 horas antes de la audiencia, para reservar una estación de computadora de acceso remoto.

**Si necesita adaptaciones especiales**, como un intérprete para la audiencia, llame al 202-879-1900 al menos 24 horas antes de la audiencia para que los Tribunales puedan hacer los arreglos necesarios.

**\*Cuando concurra al sitio programado debe llevar los siguientes artículos\***
1. Su número de caso y todos los hipervínculos que le hayan proporcionado los Tribunales para la audiencia programada.
2. Cualquier documento que necesite para la audiencia (prueba), incluidos documentos probatorios, recibos, fotos, contratos, etc.
3. Materiales para tomar nota, como papel y lápiz.

\*Los sitios de acceso remoto cuentan con medidas de seguridad y protección.

**Información de contacto para programar su estación de computadora de acceso remoto:**
Teléfono: 202-879-1900
Correo electrónico: DCCourtsRemoteSites@dcsc.gov

eFiled
2/19/2026 10:07:08 AM
Superior Court
of the District of Columbia

**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001**
**Telephone: (202) 879-1133 Website: www.dccourts.gov**

Allysa Andrews et al.
_____
Plaintiff

vs.

Last Brand, Inc.
_____
Defendant

Case Number  2026-CAB-001059

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Katherine Aizpuru
_____
Name of Plaintiff's Attorney

2000 Pennsylvania Avenue, N.W., Suite 1010
_____
Address
Washington, D.C. 20006

202-973-0900
_____
Telephone

*Clerk of the Court*

By _____
Deputy Clerk

Date  **2/23/2026**

如需翻译,请打电话 (202) 879-4828     Veuillez appeler au (202) 879-4828 pour une traduction     Để có một bài dịch, hãy gọi (202)879-4828
번역을 원하시면,(202)879-4828로 전화주십씨오     የአማርኛ ትርጉም ለማግኘት (202) 879-4828  ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME_.

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

CV-3110 [Rev. June 2017]

Super. Ct. Civ. R. 4





**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
**Sección de Acciones Civiles**
**500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001**
**Teléfono: (202) 879-1133 Sitio web: www.dccourts.gov**

_____
                                                    Demandante
              contra

                                                    Número de Caso: _____

_____
                                                    Demandado

### CITATORIO

Al susodicho Demandado:

     Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veintiún (21) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días, contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

     A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que usted le entregue al demandante una copia de la Contestación o en el plazo de siete (7) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

                                                    *SECRETARIO DEL TRIBUNAL*

_____
Nombre del abogado del Demandante

                                          Por: _____
_____
Dirección                                                    Subsecretario

_____
                                          Fecha _____
_____
Teléfono

如需翻译,请打电话 (202) 879-4828          Veuillez appeler au (202) 879-4828 pour une traduction          Để có một bài dịch, hãy gọi (202) 879-4828

한국어로 번역이 필요하시면 (202) 879-4828 로 문의하시기 바랍니다.          የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

    IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍA RETENÉRSELE SUS INGRESOS, O PODRÍA TOMÁRSELE SUS BIENES PERSONALES O BIENES RAÍCES Y SER VENDIDOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO*.

    Si desea conversar con un abogado y le parece que no puede pagarle a uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse sobre otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CV-3110 [Rev. June 2017]                                                    Super. Ct. Civ. R. 4

eFiled
3/6/2026 1:14:25 PM
Superior Court
of the District of Columbia

## AFFIDAVIT OF SERVICE

| Case: 2026-CAB-001059 | Court: SUPERIOR COURT OF THE DISTRICT OF COLUMBIA CIVIL DIVISION-CIVIL ACTIONS BRANCH | County: | Job: 15347461 (1531-01) |
|---|---|---|---|
| **Plaintiff / Petitioner:** ALLYSA ANDREWS ET AL. | | **Defendant / Respondent:** LAST BRAND, INC. | |
| **Received by:** One Source Process, LLC | | **For:** Tycko & Zavareei LLP | |
| **To be served upon:** Last Brand, Inc. | | | |

I, LeManuel Stevens, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:**   Last Brand, Inc. , 2012 16th Street, San Francisco, CA 94103

**Manner of Service:**   Certified Mail, Mar 4, 2026, 10:58 am EST

**Documents:**   SUMMONS; INFORMATION SHEET; INITIAL ORDER; CLASS ACTION COMPLAINT JURY TRIAL DEMANDED (Received Mar 4, 2026 at 9:29am EST)

**Additional Comments:**
I mailed the documents on Mar 4, 2026 to the Last Brand, Inc., 2012 16th Street, San Francisco, CA 94103 via USPS Certified Mail, return receipt requested. Cert tracking: 9589071052702563563098  Return tracking: 9590940293605002209703

_____     3|6|26
LeManuel Stevens                           Date

One Source Process, LLC
1133 13th Street NW, Suite C4
Washington, DC 20005
800-668-5448

Subscribed and sworn to before me by the affiant who is personally known to me.

_____     3-6-26
Notary Public                           Date

11-14-28
Commission Expires

DAVID J. LOPEZ
NOTARY PUBLIC DISTRICT OF COLUMBIA
My Commission Expires November 14, 2028



Superior Court of the District of Columbia
Civil Division - Civil Actions Branch
500 Indiana Ave NW, Room 5000, Washington DC 20001
202-879-1133 | www.dccourts.gov

First Class Mail
U. S. Postage Paid
Washington, D.C.
Permit No. 1726

Last Brand, Inc.
260 Townsend ST
San Francisco CA  94107

You are named in a lawsuit filed in the Superior Court of the District of Columbia. If you cannot appear at the hearing, please contact the Clerk's Office immediately for more information. If Plaintiff does not participate, the case may be dismissed. If Defendant does not participate, default or judgment may be entered.

For case information, please contact the Civil Actions Branch Clerk's Office by phone at 202-879-1133 or by live chat at https://www.dccourts.gov/services/civil-matters/requesting-over-10k.

To access your case information online, please visit www.dccourts.gov/services/cases-online.

**Case Caption:**    Allysa Andrews et al. v. Last Brand, Inc.

**To:**  Last Brand, Inc.                                   **Case Number:**    2026-CAB-001059

### NOTICE OF REMOTE INITIAL SCHEDULING CONFERENCE

Your case is scheduled for a(n) **Remote Initial Scheduling Conference** on **05/22/2026** at **9:30 AM** in **Remote Courtroom 517**.

The remote hearing will be held via Webex. To join the hearing, follow the below instructions.

**To Join by Computer, Tablet, or Smartphone:**
1) Copy and Paste or Type the link into a web browser and enter the Webex Meeting ID listed below.

   Link: dccourts.webex.com/meet/ctb517

   Meeting ID: 129 911 6415

2) Click "**Join Meeting**". You may be placed in the lobby until the courtroom clerk gives you access to the hearing.

**OR To Join by Phone:**
1) Call 202-860-2110 (local) or 844-992-4726 (toll-free)
   Enter the Webex Meeting ID shown above followed by "##"

**Resources and Contact Information:**
1) For best practices on how to participate in Webex Meetings, click here www.webex.com/learn/best-practices.html.
2) For technical issues or questions, call the Information Technology Division at 202-879-1928 and select option 2.
3) For case questions, call the Civil Actions Branch at 202-879-1133.
4) To change your method of hearing participation, visit www.dccourts.gov/hearing-information for instructions and forms.

**Accessibility and Language Access Information for Superior Court**

**Persons with Disabilities:**

If you have a disability as defined by the American Disabilities Act (ADA) and you require an accommodation, please call (202) 879-1700 or email ADACoordinator@dcsc.gov. The D.C. Courts does not provide transportation service.

**Interpreting and Translation Services**:

The D.C. Courts offers free language access services to people having business with the court who are deaf or who are non-English speakers. Parties to a case may request free translations of court orders and other court documents. To ask for an interpreter or translation, please contact the Clerk's Office at the telephone number at the top of the first page of this notice.  For more information, visit https://www.dccourts.gov/language-access.

Language access is important to the D.C. Courts. You can provide feedback on language services by visiting https://www.dccourts.gov/services/information-and-resources/interpreting-services#language-access.

**Servicios de interpretación y traducción:**

Los Tribunales del Distrito de Columbia ofrecen servicios gratuitos de acceso al idioma a las personas sordas o que no hablan inglés que tienen asuntos que atender en el tribunal. Las partes de un caso pueden solicitar traducciones gratuitas de las órdenes judiciales y otros documentos del tribunal. Para solicitar un intérprete o una traducción, póngase en contacto con la Secretaría en el número de teléfono que figura en la parte superior de la primera página de este anuncio. Para más información, visite https://www.dccourts.gov/language-access.

El acceso al idioma es importante para los Tribunales del Distrito de Columbia. Puede dar su opinión sobre los servicios de idiomas visitando https://www.dccourts.gov/services/information-and-resources/interpreting-services#language-access.

**የቃልና የጽሑፍ ትርጓሜ አገልግሎቶች፡**

የዲ.ሲ ፍርድ ቤቶች መስማት ለተሳናቸውና የእንግሊዝኛ ቋንቋ ተናጋሪ ላልሆኑ በፍርድ ቤቱ ጉዳይ ላላቸው ሰዎች ነጻ የቋንቋ ተደራሽነት አገልግሎቶች ያቀርባል። ተከራካሪ ወገኖች የፍርድ ቤት ትእዛዞችና ሌሎች የፍርድ ቤት ሰነዶች በነጻ እንዲተረጎምላቸው መጠየቅ ይችላሉ። አስተርጓሚ ወይም የጽሑፍ ትርጉም ለመጠየቅ፣ እባክዎን በዚህ ደብዳቤ የመጀመሪያ ገጽ አናት ላይ በተቀመጠው ስልክ ቁጥር የፍርድ ቤቱን መዝገብ ቤት ቢሮን ያናግሩ። ለበለጠ መረጃ https://www.dccourts.gov/language-access  ላይ ይጎብኙ።

የቋንቋ ተደራሽነት ለዲ.ሲ. ፍርድ ቤቶች አስፈላጊ ነው። የቋንቋ አገልግሎቶች በተመለከተ አስተያየቶዎን https://www.dccourts.gov/services/information-and-resources/interpreting-services#language-access በመጎብኘት መስጠት ይችላሉ።

 Superior Court of the District of Columbia
Civil Division - Civil Actions Branch
500 Indiana Ave NW, Room 5000, Washington DC 20001
202-879-1133 | www.dccourts.gov

First Class Mail
U. S. Postage Paid
Washington, D.C.
Permit No. 1726

Allysa Andrews
1643 13th ST NW APT 2
Washington DC  20009

You are named in a lawsuit filed in the Superior Court of the District of Columbia. If you cannot appear at the hearing, please contact the Clerk's Office immediately for more information. If Plaintiff does not participate, the case may be dismissed. If Defendant does not participate, default or judgment may be entered.

For case information, please contact the Civil Actions Branch Clerk's Office by phone at 202-879-1133 or by live chat at https://www.dccourts.gov/services/civil-matters/requesting-over-10k.

To access your case information online, please visit www.dccourts.gov/services/cases-online.

**Case Caption:**   Allysa Andrews et al. v. Last Brand, Inc.

**To:**  Allysa Andrews                              **Case Number:**    2026-CAB-001059

### NOTICE OF REMOTE INITIAL SCHEDULING CONFERENCE

Your case is scheduled for a(n) **Remote Initial Scheduling Conference** on **05/22/2026** at **9:30 AM** in **Remote Courtroom 517**.

The remote hearing will be held via Webex. To join the hearing, follow the below instructions.

**To Join by Computer, Tablet, or Smartphone:**
1) Copy and Paste or Type the link into a web browser and enter the Webex Meeting ID listed below.

   Link: dccourts.webex.com/meet/ctb517

   Meeting ID: 129 911 6415

2) Click "**Join Meeting**". You may be placed in the lobby until the courtroom clerk gives you access to the hearing.

**OR To Join by Phone:**
1) Call 202-860-2110 (local) or 844-992-4726 (toll-free)
   Enter the Webex Meeting ID shown above followed by "##"

**Resources and Contact Information:**
1) For best practices on how to participate in Webex Meetings, click here www.webex.com/learn/best-practices.html.
2) For technical issues or questions, call the Information Technology Division at 202-879-1928 and select option 2.
3) For case questions, call the Civil Actions Branch at 202-879-1133.
4) To change your method of hearing participation, visit www.dccourts.gov/hearing-information for instructions and forms.

**Accessibility and Language Access Information for Superior Court**

**Persons with Disabilities:**

If you have a disability as defined by the American Disabilities Act (ADA) and you require an accommodation, please call (202) 879-1700 or email ADACoordinator@dcsc.gov. The D.C. Courts does not provide transportation service.

**Interpreting and Translation Services**:

The D.C. Courts offers free language access services to people having business with the court who are deaf or who are non-English speakers. Parties to a case may request free translations of court orders and other court documents. To ask for an interpreter or translation, please contact the Clerk's Office at the telephone number at the top of the first page of this notice.  For more information, visit https://www.dccourts.gov/language-access.

Language access is important to the D.C. Courts. You can provide feedback on language services by visiting https://www.dccourts.gov/services/information-and-resources/interpreting-services#language-access.

**Servicios de interpretación y traducción:**

Los Tribunales del Distrito de Columbia ofrecen servicios gratuitos de acceso al idioma a las personas sordas o que no hablan inglés que tienen asuntos que atender en el tribunal. Las partes de un caso pueden solicitar traducciones gratuitas de las órdenes judiciales y otros documentos del tribunal. Para solicitar un intérprete o una traducción, póngase en contacto con la Secretaría en el número de teléfono que figura en la parte superior de la primera página de este anuncio. Para más información, visite https://www.dccourts.gov/language-access.

El acceso al idioma es importante para los Tribunales del Distrito de Columbia. Puede dar su opinión sobre los servicios de idiomas visitando https://www.dccourts.gov/services/information-and-resources/interpreting-services#language-access.

**የቃልና የጽሑፍ ትርጓሜ አገልግሎቶች:**

የዲ.ሲ ፍርድ ቤቶች መስማት ለተሳናቸውና የእንግሊዝኛ ቋንቋ ተናጋሪ ላልሆኑ በፍርድ ቤቱ ጉዳይ ላላቸው ሰዎች ነጻ የቋንቋ ተደራሽነት አገልግሎቶች ያቀርባል። ተከራካሪ ወገኖች የፍርድ ቤት ትእዛዞችና ሌሎች የፍርድ ቤት ሰነዶች በነጻ እንዲተረጎምላቸው መጠየቅ ይችላሉ። አስተርጓሚ ወይም የጽሑፍ ትርጉም ለመጠየቅ፣ እባክዎን በዚህ ደብዳቤ የመጀመሪያ ገጽ አናት ላይ በተቀመጠው ስልክ ቁጥር የፍርድ ቤቱን መዝገብ ቤት ቢሮን ያናግሩ። ለበለጠ መረጃ https://www.dccourts.gov/language-access  ላይ ይጎብኙ።

የቋንቋ ተደራሽነት ለዲ.ሲ. ፍርድ ቤቶች አስፈላጊ ነው። የቋንቋ አገልግሎቶች በተመለከተ አስተያየትዎን https://www.dccourts.gov/services/information-and-resources/interpreting-services#language-access በመጎብኘት መስጠት ይችላሉ።

 Superior Court of the District of Columbia
Civil Division - Civil Actions Branch
500 Indiana Ave NW, Room 5000, Washington DC 20001
202-879-1133 | www.dccourts.gov

First Class Mail
U. S. Postage Paid
Washington, D.C.
Permit No. 1726

Seamus Pugh
51 Randolph PL NW
Washington DC  20001

You are named in a lawsuit filed in the Superior Court of the District of Columbia. If you cannot appear at the hearing, please contact the Clerk's Office immediately for more information. If Plaintiff does not participate, the case may be dismissed. If Defendant does not participate, default or judgment may be entered.

For case information, please contact the Civil Actions Branch Clerk's Office by phone at 202-879-1133 or by live chat at https://www.dccourts.gov/services/civil-matters/requesting-over-10k.

To access your case information online, please visit www.dccourts.gov/services/cases-online.

**Case Caption:**    Allysa Andrews et al. v. Last Brand, Inc.

**To:**   Seamus Pugh                                    **Case Number:**    2026-CAB-001059

### NOTICE OF REMOTE INITIAL SCHEDULING CONFERENCE

Your case is scheduled for a(n) **Remote Initial Scheduling Conference** on **05/22/2026** at **9:30 AM** in **Remote Courtroom 517**.

The remote hearing will be held via Webex. To join the hearing, follow the below instructions.

**To Join by Computer, Tablet, or Smartphone:**

1) Copy and Paste or Type the link into a web browser and enter the Webex Meeting ID listed below.

   Link: dccourts.webex.com/meet/ctb517

   Meeting ID: 129 911 6415

2) Click "**Join Meeting**". You may be placed in the lobby until the courtroom clerk gives you access to the hearing.

**OR To Join by Phone:**

1) Call 202-860-2110 (local) or 844-992-4726 (toll-free)
   Enter the Webex Meeting ID shown above followed by "##"

**Resources and Contact Information:**

1) For best practices on how to participate in Webex Meetings, click here www.webex.com/learn/best-practices.html.
2) For technical issues or questions, call the Information Technology Division at 202-879-1928 and select option 2.
3) For case questions, call the Civil Actions Branch at 202-879-1133.
4) To change your method of hearing participation, visit www.dccourts.gov/hearing-information for instructions and forms.

**Accessibility and Language Access Information for Superior Court**

**Persons with Disabilities:**

If you have a disability as defined by the American Disabilities Act (ADA) and you require an accommodation, please call (202) 879-1700 or email ADACoordinator@dcsc.gov. The D.C. Courts does not provide transportation service.

**Interpreting and Translation Services**:

The D.C. Courts offers free language access services to people having business with the court who are deaf or who are non-English speakers. Parties to a case may request free translations of court orders and other court documents. To ask for an interpreter or translation, please contact the Clerk's Office at the telephone number at the top of the first page of this notice.  For more information, visit https://www.dccourts.gov/language-access.

Language access is important to the D.C. Courts. You can provide feedback on language services by visiting https://www.dccourts.gov/services/information-and-resources/interpreting-services#language-access.

**Servicios de interpretación y traducción:**

Los Tribunales del Distrito de Columbia ofrecen servicios gratuitos de acceso al idioma a las personas sordas o que no hablan inglés que tienen asuntos que atender en el tribunal. Las partes de un caso pueden solicitar traducciones gratuitas de las órdenes judiciales y otros documentos del tribunal. Para solicitar un intérprete o una traducción, póngase en contacto con la Secretaría en el número de teléfono que figura en la parte superior de la primera página de este anuncio. Para más información, visite https://www.dccourts.gov/language-access.

El acceso al idioma es importante para los Tribunales del Distrito de Columbia. Puede dar su opinión sobre los servicios de idiomas visitando https://www.dccourts.gov/services/information-and-resources/interpreting-services#language-access.

**የቃልና የጽሑፍ ትርጓሜ አገልግሎቶች፡**

የዲ.ሲ ፍርድ ቤቶች መስማት ለተሳናቸውና የእንግሊዝኛ ቋንቋ ተናጋሪ ላልሆኑ በፍርድ ቤቱ ጉዳይ ላላቸው ሰዎች ነጻ የቋንቋ ተደራሽነት አገልግሎቶች ያቀርባል። ተከራካሪ ወገኖች የፍርድ ቤት ትእዛዞችና ሌሎች የፍርድ ቤት ሰነዶች በነጻ እንዲተረጎምላቸው መጠየቅ ይችላሉ። አስተርጓሚ ወይም የጽሑፍ ትርጉም ለመጠየቅ፣ እባክዎን በዚህ ደብዳቤ የመጀመሪያ ገጽ አናት ላይ በተቀመጠው ስልክ ቁጥር የፍርድ ቤቱን መዝገብ ቤት ቢሮን ያናግሩ። ለበለጠ መረጃ https://www.dccourts.gov/language-access  ላይ ይጎብኙ።

የቋንቋ ተደራሽነት ለዲ.ሲ. ፍርድ ቤቶች አስፈላጊ ነው። የቋንቋ አገልግሎቶች በተመለከተ አስተያየትዎን https://www.dccourts.gov/services/information-and-resources/interpreting-services#language-access በመጎብኘት መስጠት ይችላሉ።

 Superior Court of the District of Columbia
Civil Division - Civil Actions Branch
500 Indiana Ave NW, Room 5000, Washington DC 20001
202-879-1133 | www.dccourts.gov

First Class Mail
U. S. Postage Paid
Washington, D.C.
Permit No. 1726

Katherine M Aizpuru
TYCKO & ZAVAREEI LLP
2000 Pennsylvania Ave NW Suite 1010
Washington DC  20006

You are named in a lawsuit filed in the Superior Court of the District of Columbia. If you cannot appear at the hearing, please contact the Clerk's Office immediately for more information. If Plaintiff does not participate, the case may be dismissed. If Defendant does not participate, default or judgment may be entered.

For case information, please contact the Civil Actions Branch Clerk's Office by phone at 202-879-1133 or by live chat at https://www.dccourts.gov/services/civil-matters/requesting-over-10k.

To access your case information online, please visit www.dccourts.gov/services/cases-online.

**Case Caption:**   Allysa Andrews et al. v. Last Brand, Inc.

**To:**  Katherine M Aizpuru                    **Case Number:**    2026-CAB-001059

### NOTICE OF REMOTE INITIAL SCHEDULING CONFERENCE

Your case is scheduled for a(n) **Remote Initial Scheduling Conference** on **05/22/2026** at **9:30 AM** in **Remote Courtroom 517**.

The remote hearing will be held via Webex. To join the hearing, follow the below instructions.

**To Join by Computer, Tablet, or Smartphone:**
1) Copy and Paste or Type the link into a web browser and enter the Webex Meeting ID listed below.

Link: dccourts.webex.com/meet/ctb517

Meeting ID: 129 911 6415

2) Click "**Join Meeting**". You may be placed in the lobby until the courtroom clerk gives you access to the hearing.

**OR To Join by Phone:**
1) Call 202-860-2110 (local) or 844-992-4726 (toll-free)
Enter the Webex Meeting ID shown above followed by "##"

**Resources and Contact Information:**
1) For best practices on how to participate in Webex Meetings, click here www.webex.com/learn/best-practices.html.
2) For technical issues or questions, call the Information Technology Division at 202-879-1928 and select option 2.
3) For case questions, call the Civil Actions Branch at 202-879-1133.
4) To change your method of hearing participation, visit www.dccourts.gov/hearing-information for instructions and forms.

**Accessibility and Language Access Information for Superior Court**

**Persons with Disabilities:**

If you have a disability as defined by the American Disabilities Act (ADA) and you require an accommodation, please call (202) 879-1700 or email ADACoordinator@dcsc.gov. The D.C. Courts does not provide transportation service.

**Interpreting and Translation Services**:

The D.C. Courts offers free language access services to people having business with the court who are deaf or who are non-English speakers. Parties to a case may request free translations of court orders and other court documents. To ask for an interpreter or translation, please contact the Clerk's Office at the telephone number at the top of the first page of this notice.  For more information, visit https://www.dccourts.gov/language-access.

Language access is important to the D.C. Courts. You can provide feedback on language services by visiting https://www.dccourts.gov/services/information-and-resources/interpreting-services#language-access.

**Servicios de interpretación y traducción:**

Los Tribunales del Distrito de Columbia ofrecen servicios gratuitos de acceso al idioma a las personas sordas o que no hablan inglés que tienen asuntos que atender en el tribunal. Las partes de un caso pueden solicitar traducciones gratuitas de las órdenes judiciales y otros documentos del tribunal. Para solicitar un intérprete o una traducción, póngase en contacto con la Secretaría en el número de teléfono que figura en la parte superior de la primera página de este anuncio. Para más información, visite https://www.dccourts.gov/language-access.

El acceso al idioma es importante para los Tribunales del Distrito de Columbia. Puede dar su opinión sobre los servicios de idiomas visitando https://www.dccourts.gov/services/information-and-resources/interpreting-services#language-access.

**የቃልና የጽሑፍ ትርጓሜ አገልግሎቶች፦**

የዲ.ሲ ፍርድ ቤቶች መስማት ለተሳናቸውና የእንግሊዝኛ ቋንቋ ተናጋሪ ላልሆኑ በፍርድ ቤቱ ጉዳይ ላላቸው ሰዎች ነጻ የቋንቋ ተደራሽነት አገልግሎቶች ያቀርባል። ተከራካሪ ወገኖች የፍርድ ቤት ትእዛዞችና ሌሎች የፍርድ ቤት ሰነዶች በነጻ እንዲተረጎምላቸው መጠየቅ ይችላሉ። አስተርጓሚ ወይም የጽሑፍ ትርጉም ለመጠየቅ፣ እባክዎን በዚህ ደብዳቤ የመጀመሪያ ገጽ አናት ላይ በተቀመጠው ስልክ ቁጥር የፍርድ ቤቱን መዝገብ ቤት ቢሮን ያናግሩ። ለበለጠ መረጃ https://www.dccourts.gov/language-access  ላይ ይጎብኙ።

የቋንቋ ተደራሽነት ለዲ.ሲ. ፍርድ ቤቶች አስፈላጊ ነው። የቋንቋ አገልግሎቶች በተመለከተ አስተያየትዎን https://www.dccourts.gov/services/information-and-resources/interpreting-services#language-access በመጎብኘት መስጠት ይችላሉ።

eFiled
3/16/2026 6:17:28 PM
Superior Court
of the District of Columbia

**IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

|  |  |
|---|---|
| **ALLYSSA ANDREWS and SEAMUS PUGH,** *on behalf of themselves and all others similarly situated,* | |
| *Plaintiffs,* | **Case No. 2026-CAB-001059** |
| | **Hon. Leslie A. Meek** |
| v. | |
| **Last Brand, Inc.** | |
| *Defendant.* | |

### JOINT MOTION TO EXTEND DEADLINES

Plaintiffs Allyssa Andrews and Seamus Pugh, and Defendant Last Brand, Inc., by and through undersigned counsel, and pursuant to D.C. SCR-Civil Rules 6(b)(1)(A) and 12-I(a)(4), respectfully request that the Court extend the following deadlines:

1. First, Defendant requests that the Court extend its deadline to respond to the Complaint by 21 days, from March 27, 2026 until April 17, 2026, which Plaintiffs do not oppose; and

2. Second, Plaintiffs request that the Court suspend the deadline to file a motion for class certification pending entry of a scheduling order, which Defendant does not oppose. The current deadline is May 18, 2026.

In support thereof, the parties state that the requested extensions are needed to allow counsel for Defendant to investigate the claims raised in the Complaint and its responses and defenses thereto. D.C. SCR-Civil Rule 6(b)(1)(A) states that the specified time for an act may be extended by the Court "for good cause … with or without a motion or notice if the court acts, or if the request is made, before the original time or its extension expires." Counsel for Plaintiffs and

Defendant have conferred by video conference and email, and have jointly agreed to the proposed deadlines. Further, it would promote judicial efficiency and conserve the resources of the parties and the Court to defer briefing and ruling on a motion for class certification until the pleadings have been settled and the parties have had the opportunity to take discovery and build a record upon which to consider the class certification issues. As no discovery has yet occurred, the current class certification deadline is not feasible.

This is the first request for an extension sought in this case, and no party will be prejudiced by entry of the attached proposed order as all parties consent to the relief sought. The proposed extensions will not affect the current Initial Conference, presently set for May 22, 2026 at 9:30 a.m.

DATED: March 16, 2026                    Respectfully submitted,

*/s/ Katherine M. Aizpuru*
Katherine M. Aizpuru (D.C. Bar No. 1022814)
**TYCKO & ZAVAREEI LLP**
2000 Pennsylvania Avenue NW, Suite 1010
Washington, D.C. 20006
Tel.: (202) 973-0900
Fax: (202) 973-0950
kaizpuru@tzlegal.com

Lavanya Prabhakar (*pro hac vice* forthcoming)
**TYCKO & ZAVAREEI LLP**
1970 Broadway, Suite 1070
Oakland, CA 94612
Tel.: (510) 254-6808
Fax: (202) 973-0950
lprabhakar@tzlegal.com

Jennifer Czeisler (*pro hac vice* forthcoming)
Edward W. Ciolko (*pro hac vice* forthcoming)
Arturo Peña (*pro hac vice* forthcoming)
**STERLINGTON PLLC**
530 Fifth Avenue, Suite #804
New York, NY 10036
Tel.: (212) 433 2993

jen.czeisler@sterlingtonlaw.com
edward.ciolko@sterlingtonlaw.com
arturo.pena@sterlingtonlaw.com

DATED: March 16, 2026

/s/ Patrick J. Curran Jr.

Patrick J. Curran Jr. (D.C. Bar No. 1026302)
**DAVIS WRIGHT TREMAINE LLP**
1301 K Street NW, Suite 500 East
Washington, D.C. 20005

# EXHIBIT C

IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| **ALLYSA ANDREWS** and **SEAMUS PUGH,** *on behalf of themselves and all others similarly situated,* : : : : | |
| *Plaintiffs,* : : | |
| v. : : | Case No. 2026-CAB-001059 |
| **LAST BRAND, INC.** : : : | |
| *Defendant.* : : : : : : : : : : : | |

### DEFENDANT LAST BRANDS, INC.'S
### <u>NOTICE TO STATE COURT OF REMOVAL</u>

PLEASE TAKE NOTICE that Defendant Last Brand, Inc., pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453, by its undersigned counsel, has removed this matter from the Superior Court of the District of Columbia to the United States District Court for the District of Columbia ("District Court").  A copy of Last Brand, Inc.'s Notice of Removal, filed with the District Court is attached hereto as **Exhibit A** and hereby filed with the Clerk of the Superior Court of the District of Columbia, to effect removal of the above-captioned action.

DATED: April 3, 2026

DAVIS WRIGHT TREMAINE LLP

/s/ Patrick J. Curran Jr.

Patrick J. Curran Jr. (D.C. Bar No. 1026302)
**DAVIS WRIGHT TREMAINE LLP**
1301 K Street NW, Suite 500 East
Washington, D.C. 20005
(202) 973-4277
patcurran@dwt.com

James H. Moon (CA Bar No. 268215)*
Katelyn A. Feliciano (CA Bar No. 350385)*
**DAVIS WRIGHT TREMAINE LLP**
350 South Grand Ave 27th Floor
Los Angeles, CA 90071
(213) 633-6819
(213) 655-9682
jamesmoon@dwt.com
katelynfeliciano@dwt.com
*pro hac vice forthcoming*

*Attorneys for Last Brand, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd day of April, 2026, I caused the foregoing Defendant's

**Notice of Removal** to be served via the court's CM/ECF system upon the Clerk of the Court and

via First Class mail, postage prepaid, upon the following persons:

Katherine Aizpuru (D.C. Bar No. 1022814)
**TYCKO & ZAVAREEI LLP**
2000 Pennsylvania Avenue NW, Suite 1010
Washington, D.C. 20006
Tel.: (202) 973-0900
Fax: (202) 973-0950
kaizpuru@tzlegal.com

Lavanya Prabhakar
**TYCKO & ZAVAREEI LLP**
1970 Broadway, Suite 1070
Oakland, CA 94612
Tel.: (510) 254-6808
Fax: (202) 973-0950
lprabhakar@tzlegal.com

Jennifer Czeisler
Edward W. Ciolko
Arturo Peña
**STERLINGTON PLLC**
530 Fifth Avenue, Suite #804
New York, NY 10036
Tel.: (212) 433 2993
jen.czeisler@sterlingtonlaw.com
edward.ciolko@sterlingtonlaw.com
arturo.pena@sterlingtonlaw.com

_____
Anna Jimenez